**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2866
_____

UNITED STATES OF AMERICA


v.


CORBIN THOMAS
a/k/a
JACK
a/k/a
PATRICK
a/k/a
FRANCIS WALCOTT

Corbin Thomas,
            Appellant


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-98-cr-00136-001)
District Judge: Honorable J. Curtis Joyner
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2012
_____


Before: McKEE, *Chief Judge*, JORDAN and VANASKIE,
*Circuit Judges*

(Opinion Filed: April 10, 2013)


1

Patrick J. Connors, Esq.
11 West Third Street
Media, Pennsylvania 19063
    *Counsel for Appellant*

Robert K. Reed, Esq.
Robert A. Zauzmer, Esq.
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
    *Counsel for Appellee*

_____

OPINION
_____

McKEE, *Chief Judge*

Corbin Thomas appeals the District Court's order denying his motion for an extension of time to file a motion for relief pursuant to 28 U.S.C. § 2255, and requests a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253. For the reasons discussed below, we will grant Thomas' request for a COA[1] and affirm the District Court's order denying his motion for an extension of time.

_____

[1] We assume, without deciding, that a COA is required to appeal from the District Court's order denying Thomas' motion for an extension of time. *Cf. Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . .") (quoting 28 U.S.C. § 2253(c)(1)). Because we ultimately conclude that issues raised in this appeal warrant appellate review, we grant Thomas' request for a COA. *See Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show . . . that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation omitted). *See also infra* pp. 16-17 (addressing Thomas' request to convert COA application into § 2255 motion for relief).

# I.

From 1990 to 1995, Thomas was the director of a criminal enterprise that transported thousands of pounds of marijuana from California to Pennsylvania. Thomas' wife was murdered in 1995, and later that year he fled from the United States to Jamaica. On March 25, 1998, a federal grand jury returned a 33-count indictment against Thomas based on his marijuana enterprise. In November 2001, Thomas was arrested in the United Kingdom pursuant to a provisional extradition warrant. He contested that warrant until 2005. During April of that year, he was finally brought before the District Court for prosecution on the charges contained in the 1998 indictment. He was subsequently convicted of numerous offenses and sentenced to a total of 420 months imprisonment. We affirmed on direct appeal, and on June 15, 2009 the United States Supreme Court denied Thomas' petition for certiorari.

As a federal prisoner, Thomas could file a motion to vacate, set aside or correct his sentence in the District Court within one year from denial of certiorari. *See* 28 U.S.C. § 2255(f). However, during that period, Thomas was temporarily transferred to state custody, convicted of his wife's murder, and sentenced to life imprisonment. Specifically, Thomas was in state custody at the time his certiorari petition in this case was denied (June 15, 2009), he remained there until August 4, 2009 (a period of approximately 50-days), and was again in state custody from February 25, 2010 until May 6, 2010 (a period of approximately 80-days). On May 24, 2010, approximately three weeks before Thomas' deadline for filing a motion for relief under § 2255, he filed a *pro se* motion for a 120-day extension of time. He argued that extra time was warranted because he was in state custody without access to legal materials needed to prepare his § 2255 motion for over 120-days during the one year limitations period.

On June 7, 2010, the District Court entered an order denying Thomas' motion for an extension of time. In doing so, it explained, in a footnote, that Thomas "failed to demonstrate why the one (1) year period of limitation should

3

not apply under 28 U.S.C. 2255(f)." *See United States v. Thomas*, No. 98-CR-00136-001 (E.D. Pa. June 7, 2010) (order denying motion for an extension of time).

Thomas appealed that order, but he never filed an actual motion for relief under § 2255. Instead, he submitted an application for a certificate of appealability ("COA") to the District Court in an effort to again appeal its denial of his motion for an extension of time. Thomas' COA application restated that he had been in state custody without access to legal materials, and also asserted "a *Batson* challenge[] to the jury selection; Prosecutorial Misconduct for knowingly withholding material evidence of Petitioner's innocence, in violation of *Brady v. Maryland*; and Jury Misconduct." App. at A33-34; 476 U.S. 79, 89 (1986); 373 U.S. 83, 87 (1963). The District Court did not rule on his COA application. Rather, it referred his COA application to us—apparently because Thomas' appeal from the denial of his motion for extra time was pending. Accordingly, we now review the District Court's denial of Thomas' motion and decide whether he should be entitled to a COA.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. However, before evaluating the merits of Thomas' appeal, we must determine whether the District Court had jurisdiction to enter its order denying Thomas' motion for extra time. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs 'from the nature and limits of the judicial power of the United States and is inflexible and without exception.'") (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

The judicial power of federal courts is limited to "cases and controversies." *See* U.S. CONST. art. III, § 2, cl. 1; *Already, LLC v. Nike, Inc.*, -- U.S. --, 133 S. Ct. 721, 726 (2013). A judicial decision rendered in the absence of a case or controversy is advisory, and federal courts lack power to render advisory opinions. *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446 (1993).

4

## A.

This case arises under "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), [which] enacted the present 28 U.S.C. § 2254" and § 2255. *Lindh v. Murphy*, 521 U.S. 320, 322 (1997). Section 2254 gives federal courts jurisdiction to grant habeas relief to prisoners held in state custody, and § 2255 does the same for federal prisoners. It is well-settled that a § 2254 petition submitted by a state prisoner initiates a civil, rather than criminal, action for relief. *See Henderson v. Frank*, 155 F.3d 159, 167 (3d Cir. 1998); *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978); *Ex parte Tom Tong*, 108 U.S. 556, 559-60 (1883) ("The prosecution against him is a criminal prosecution, but the writ of *habeas corpus* which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right . . .").[2] Therefore, no case or controversy generally exists before an actual § 2254 petition is filed. *Cf. Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990) ("[J]urisdiction over a petition for a writ of habeas corpus is determined when the petition is filed.") (citing *Ross v. Mebane*, 536 F.2d 1199 (7th Cir. 1976)).

However, courts consider, among other things, judicial economy and the legal sophistication of *pro se* litigants when evaluating AEDPA matters. *See, e.g., United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999); *Patton v. Mullin*, 425 F.3d 788, 810 (10th Cir. 2005) ("In the interest of judicial economy, however, we briefly consider the merits of [appellant's] claim.") (citing 28 U.S.C. § 2254(b)(2)). In light of such considerations, mislabeled motions, or those preceding a formal request for substantive relief, are sometimes recharacterized as requests for relief under AEDPA. *See Miller*, 197 F.3d at 648 ("federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine

---

[2] *Ex parte Tom Tong* was decided before Congress's 1948 amendment to the judicial code that established separate procedural postures for habeas proceedings based on state and federal court judgments. *See infra* pp. 8-10; 108 U.S. 556.

whether the motion is, in effect, cognizable under a different remedial statutory framework) (referring to 28 U.S.C. § 2255); *Mason v. Myers*, 208 F.3d 414, 418-19 (3d Cir. 2000) (applying *Miller's* rule for recharacterizing AEDPA filings to § 2254).[3] Jurisdictional issues that may arise by exercising judicial power in the absence of a formal request for habeas relief are thereby avoided. *See id.* This appeal is a matter of first impression in this Circuit, as it requires that we determine the necessity of such an approach under § 2255, as well as the more pressing question of whether a sentencing court has jurisdiction over § 2255 preliminary matters before a formal request for § 2255 relief is filed.

This latter issue arose in *United States v. Leon*, where the Court of Appeals for the Second Circuit evaluated whether there was jurisdiction to rule on a motion for an extension of time to file a § 2255 motion before an actual § 2255 motion was filed. 203 F.3d 162, 163 (2d Cir. 2000). There, the court held that a district court could not rule on such a motion because no case or controversy exists until a formal request for § 2255 relief is made. *See id.* at 164 ("because [appellant] has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion . . . render[ed] on the timeliness issue would be merely advisory."). In reaching this conclusion, the court implicitly viewed proceedings under §§ 2254 and 2255 as different sides of the same coin for purposes of subject matter jurisdiction. *See id.*; *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). That is, it essentially viewed § 2255 proceedings as civil actions separate from prisoners' underlying criminal cases, which is how motions under § 2254 have been viewed.

We disagree with the court's holding in *Leon* because,

---

[3] Before recharacterizing a motion under AEDPA, a court should inform a prisoner that she can have her motion (1) ruled upon as filed, or (2) recharacterized as requesting habeas relief and heard as such but lose her ability to file a successive request absent authorization from this Court under 28 U.S.C. § 2244(b)(3). *See, e.g., Miller*, 197 F.3d at 652; *Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998).

6

although certain aspects of a § 2255 proceeding may be considered civil,[4] a § 2255 proceeding is a continuation of a defendant's federal criminal case. *See infra* pp. 7-14. As a result, under § 2255, a motion for an extension of time can be decided prior to a formal request for relief because the underlying prosecution satisfies Article III's case or controversy requirement.

A review of the legislative history of § 2255 clarifies this jurisdictional nuance. *See United States v. Williams*, 675 F.3d 275, 278 (3d Cir. 2012) ("Where the statutory language does not express Congress' intent unequivocally, a court traditionally refers to the legislative history and the atmosphere in which the statute was enacted in attempt to determine the congressional purpose.") (quoting *United States v. Gregg*, 226 F.3d 253, 275 (3d Cir. 2009)).

**B.**

The authority of federal courts to issue writs of habeas corpus originates in the Constitution and was first given effect in the Judiciary Act of 1789. *See* U.S. CONST. art. I, § 9; *Powell v. Rice*, 428 U.S. 465, 474-75 (1976). Initially, the Act only applied to federal prisoners, and it empowered district courts in the jurisdiction where federal prisoners were confined to adjudicate requests for habeas relief. *See id.* at 475; *Hayman*, 342 U.S. 205, 211 (1952). In 1867, the Act was amended to extend the authority of district courts to state prisoners seeking habeas relief, but it continued to require that petitions be submitted to the district court where a prisoner was confined. *See id.* In 1942, the Judicial Conference of the United States charged a committee of federal judges with the duty of thoroughly examining habeas procedure in order to develop prudent reforms. *See Hayman*, 342 U.S. 205 at 214. Statistics showed that the volume of habeas cases nearly tripled between 1936 and 1945, and that the burden of this increase was primarily born by a small number of district courts in jurisdictions where federal prisons were located. *Id.* at 212 n.13, 214.[5] Courts in such

---

[4] *See infra* p. 14 n.11.

[5] "Of all habeas corpus applications filed by federal prisoners, 63% were filed in but five of the eighty-four

areas were "required to handle an inordinate number of habeas corpus actions far from the scene of the facts, the homes of the witnesses and the records of the sentencing court solely because of the fortuitous concentration of federal prisoners within the district." *Id*. at 214.[6]

To rectify this problem, the Conference proposed "requiring prisoners convicted in federal courts to apply by motion in the sentencing court instead of making application for habeas corpus in the district in which they are confined." *Id.* at 215 (internal citation omitted). In a 1948 revision of the Judicial Code, Congress adopted the Conference's recommended approach by amending the Code through two bills: (1) a "procedural bill" which provided that state prisoners shall file petitions for habeas corpus in state courts, or in the federal district of incarceration if exceptional circumstances exist; and (2) a "jurisdictional bill" "requiring prisoners convicted in federal courts to apply by motion in the sentencing court instead of making application for habeas corpus in the district in which they are confined." *Id.*; *see also* H.R. 4342 and S. 1452, 79th Cong., 1st Sess. (procedural bill); H.R. 4233 and S.1451, 79th Cong. 1st Sess. (jurisdictional bill). In developing these reforms, the Senate Judiciary Committee of the 80th Congress issued a Report which stated that "[t]he legal and practical considerations for a different approach, in Federal court habeas proceedings, to sentences in State courts and to sentences in Federal courts is evident and has long been recognized by the Congress and the courts." S. Rep. No. 1526, at 1 (1948) (Comm. Rep.). The Report explained that the "main advantages of such [a] motion remedy over the present habeas corpus are as

---

District Courts." *Hayman*, 342 U.S. at 214 n.18; *see also* William H. Speck, STATISTICS ON FEDERAL HABEAS CORPUS, 10 Ohio St. L.J. 337 (1949).

[6] *Cf.* Rule 7, Rules Governing § 2255 Proceedings in the United States District Courts, Advisory Committee Notes ("It is less likely that the court will feel the need to expand the record in a § 2255 proceeding than in a habeas corpus proceeding, because the trial (or sentencing) judge is the one hearing the motion (see Rule 4) and should already have a complete file on the case in his possession.").

follows:"

> *[H]abeas corpus is a separate civil action and not a further step in the criminal case in which petitioner is sentenced* (*Ex parte Tom Tong*, 108 U.S. 556, 559 (1883)).  It is not a determination of guilt or innocence of the charge upon which petitioner was sentenced.  Where a prisoner sustains a right to discharge in habeas corpus, it is usually because some right—such as a lack of counsel—has been denied which reflects no determination of his guilt or innocence but affects solely the fairness of his earlier criminal trial.  Even under the broad power in the statute "to dispose of the party as law and justice require," *the court or judge is by no means in the same advantageous position in habeas corpus to do justice as would be so if the matter were determined in the criminal proceeding*.  For instance, the judge (by habeas corpus) cannot grant a new trial in the criminal case.  *Since the motion remedy is in the criminal proceeding, this section 2 affords the opportunity and expressly gives the broad powers* to set aside the judgment and to discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

S. Rep. No. 1526, at 2 (emphasis added).

Thus, the motion to vacate a sentence, which was

9

subsequently codified as § 2255,[7] was viewed as a continuation of the criminal case in the sentencing court in order to alleviate practical difficulties associated with fragmentation, and to more evenly distribute caseloads amongst districts. By making § 2255 proceedings a continuation of the criminal case, Congress also gave federal courts broader procedural latitude than in § 2254[8] habeas actions. The latter were viewed as initiating federal civil suits that were separate from prisoners' prior state criminal cases.

## C.

Congress's intent regarding the procedural posture of §§ 2254 and 2255 is reflected in the titles Congress adopted in promulgating each section's procedural rules; namely, the "Rules Governing Section 2254 *Cases* in the United States District Courts," and the "Rules Governing Section 2255 *Proceedings* in the United States District Courts." (emphasis added). The Advisory Committee on the Rules Governing §§ 2254 and 2255 repeatedly reinforces this distinction in its commentary for the Rules. Specifically, under Rule 1 of § 2255, titled "Scope," the Advisory Committee explains that a

---

[7] "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

[8] "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In addition, though broader procedural latitude exists under § 2255, the Supreme Court has indicated that the scope of remedy under §§ 2254 and 2255 is the same. *See Reed v. Farley*, 512 U.S. 339, 353 (1994); *Davis v. United States*, 417 U.S. 333, 343-44 (1974).

habeas "motion under § 2255 is a further step in a movant's criminal case and not a separate civil action" and, by contrast, § 2254 "habeas corpus is a separate civil action and not a further step in the criminal case in which a petitioner is sentenced." Rule 1, Advis. Comm. Notes. Under Rule 3, the Committee explains that "as in other motions filed in a criminal action, there is no requirement of a filing fee. It is appropriate that the present situation of docketing a § 2255 motion as a new action and charging a $15 fee be remedied . . ." Rule 3, Advis. Comm. Notes. Similarly, Rule 4's commentary provides that "[s]ince the motion is part of the criminal action in which was entered the judgment to which it is directed, the files, records, transcripts, and correspondence relating to that judgment are automatically available to the judge in his consideration of the motion. He no longer need order them incorporated for that purpose." Rule 4, Advis. Comm. Notes. The Committee also explains that Rule 6 pertaining to § 2255 "differs from the corresponding discovery rule under the § 2254 rules in that it includes the processes of discovery available under the Federal Rules of Criminal Procedure as well as the civil. This is because of the nature of a § 2255 motion as a continuing part of the criminal proceeding . . ." Rule 6, Advis. Comm. Notes; *see also United States v. Goodman*, 590 F.2d 705, 712-13 (8th Cir. 1979).

This interpretation of § 2255 is consistent with instances in which Congress and the Advisory Committee use the words "motion" and "petition" when referring to §§ 2255 and 2254, respectively, in a manner that highlights each measures' distinct procedural posture. Black's Law Dictionary defines "motion" as "[a] written or oral application requesting a court to make a specified ruling or order." Black's Law Dictionary 1106 (9th ed. 2009). By contrast, "petition" is defined as "[a] formal written request presented to a court or other official body," and "[i]n some cases, *the first pleading in a lawsuit*." *Id.* at 1261-62 (emphasis added). This difference parallels the common understanding that "motion" often refers to a request submitted to a court *during* an action, while "petition" typically refers to the *commencement* of an action. Thus, the

Senate Report discussed above,[9] referring to §§ 2254 and 2255 as Sections 1 and 2, respectively, provided that "a *petition* for habeas corpus may be filed before any circuit or district judge (within the circuit or district where the *petitioner* is confined)" and, by contrast, "[s]ection 2 . . . creates a statutory remedy consisting of a *motion* before the court where a movant was convicted." S. Rep. No. 1526, at 1-2 (emphasis added). Similarly, under Rule 2 of § 2255, the Advisory Committee emphasizes this distinction by explaining that "[u]nder these rules the application for relief is in the form of a motion rather than a petition . . . . [t]herefore, there is no requirement that the movant name a respondent." Rules 2, Advis. Comm. Notes. Even more convincingly, under Rule 3, the Advisory Committee unequivocally states that "[c]alling a § 2255 request for relief a motion rather than a petition militates toward charging no new filing fee, not an increased one. *In absence of convincing evidence to the contrary, there is no reason to suppose that Congress did not mean what it said in making a § 2255 action a motion.*" Rule 3, Advis. Comm. Notes (emphasis added).[10]

### D.

Our analysis is consistent with that of the Court of Appeals for the Tenth Circuit in *United States v. Cook,* 997 F.2d 1312, 1319-20 (10th Cir. 1993). There, the Tenth Circuit held that courts should treat motions pertaining to § 2255 proceedings as part of a defendant's underlying criminal case. *See id.* Specifically, under 28 U.S.C. § 1915, an

---

[9] *See supra* pp. 8-10.

[10] While the words "motion" and "petition" are distinguished in this opinion to specifically highlight §§ 2254's and 2255's distinct procedural postures, in some instances, courts use these words interchangeably because, at bottom, §§ 2254 and 2255 both provide a means of habeas relief under AEDPA. *See, e.g., United States v. Cook*, 997 F.2d 1312, 1318 (3d Cir. 1993) ("The Supreme Court's decision in *Andrews* makes plain that the district court's order on a § 2255 petition is not final until the court resentences the petitioner.") (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963)).

indigent prisoner can proceed *in forma pauperis* without paying otherwise applicable filing fees. The *Cook* court explained that, prior to the "enactment of the Rules Governing § 2255 Proceedings, . . . this circuit, following the lead of the Supreme Court, interpreted § 2255 to be a separate civil action which required either payment of a filing fee in the district court or leave to proceed *in forma pauperis* by the district court." *Id.* at 1319 (emphasis added). However, it recognized that Rule 3 of § 2255 includes an Advisory Committee Note which provides that "there is no filing fee required of a movant under these rules. This is a change from the practice of charging $15 and is done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack." Rule 3, Advis. Comm. Notes; *Cook*, 997 F.2d at 1319. Therefore, the court held that "§ 2255 proceedings were not separate civil actions, but were instead a continuation of the same criminal matter in which the filing fees or leave to proceed *in forma pauperis* were not required." *Cook*, 997 F.2d at 1319 (citations omitted) (emphasis added).

Before the Rules took effect in 1977, we also viewed § 2255 proceedings as civil actions separate from underlying criminal cases. In *United States v. Somers*, for example, we stated, in a footnote, that "[t]he order from which the government appealed was not entered in the criminal proceeding, but rather in a § 2255 proceeding. Such an action is not a proceeding in the original criminal prosecution, but is rather an independent civil suit." 552 F.2d 108, 100 n.6 (3d Cir. 1977) (citing *Helfin v. United States*, 358 U.S. 415, 418 n.7 (1959)); *see also Neely v. United States*, 546 F.2d 1059, 1065-66 (3d Cir. 1976). *Somers* was argued December 2, 1976, and the Rules became effective on February 1, 1977, less than a month before our decision was filed. The holding in *Somers* did not depend on that footnote, which was based on the Supreme Court's jurisprudence before the Rules for § 2255 Proceedings were adopted. Prior to their enactment, the Supreme Court stated that "a motion under § 2255, like a petition for a writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." *Helfin*, 358 U.S. at 418 n.7 (internal citation omitted). However, as noted in *Cook*, the Supreme Court's "promulgation of the Rules Governing § 2255 Proceedings

indicated the Court's abandonment of its prior view that a § 2255 motion was a separate civil action." *Cook*, 997 F.2d at 1319 (citing *Williams v. United States*, 984 F.2d 28, 30 (2d Cir. 1993)).

Accordingly, it is now clear that, while civil in some respects, a § 2255 proceeding is a continuation of the underlying criminal case.[11] It necessarily follows that because a § 2255 motion is a continuation of a defendant's criminal case, a motion for an extension of time to file a § 2255 motion is also a continuation of the underlying criminal case. Thus, a district court has subject matter jurisdiction to rule on a § 2255 motion for an extension of time before the substantive motion for relief is actually filed. The underlying criminal case satisfies Article III's case or controversy mandate.

## III.

Having determined that the District Court had jurisdiction to rule on Thomas' motion for an extension of time to file a § 2255 motion, we now review the propriety of the District Court's denial. As noted above, § 2255(f) establishes a one-year limitations period for filing § 2255 motions. *See supra* p. 3. Here, the one-year limitations period began to run when Thomas' petition for *certiorari* was denied on June 15, 2009. *See Gonzalez v. Thaler*, -- U.S. --,

---

[11] *See Wall v. Kholi*, -- U.S. --, 131 S. Ct. 1278, 1289 (2011) ("a motion under 28 U.S.C. § 2255 is entered on the docket of the original criminal case and is typically referred to the judge who originally presided over the challenged proceedings, see § 2255 Rules 3(b), 4(a), but there is no dispute that § 2255 proceedings are 'collateral'"); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) ("[W]hile a § 2255 motion is deemed a further step in the movant's criminal case, it is also considered a civil remedy for purposes of appellate jurisdiction."). For example, Rule 11(b) pertaining to § 2255 provides that "Federal Rule of Appellate Procedure 4(a) [which concerns the time to appeal in civil cases] governs the time to appeal an order entered under these rules." Thus, nothing we say here conflicts with our precedent of allowing 60 days to file a notice of appeal from a § 2255 proceeding.

132 S. Ct. 641, 653 (2012). Thomas therefore had until June 15, 2010 to file his request for relief under § 2255. He filed his motion for an extension of time approximately three weeks before his deadline. He requested additional time because he was transferred from federal to state custody for more than 120-days without access to legal materials.

Since we have not previously recognized that a district court has jurisdiction to rule on a motion for an extension of time to file a § 2255 motion before a substantive request for habeas relief is made, we have not had the opportunity to determine the appropriate standard of review for analyzing denials of such motions. However, we have held that the doctrine of equitable tolling permits untimely habeas filings in "extraordinary situations." *See Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (holding that AEDPA's one year limitation period may be equitably tolled). There are no bright-line rules for determining when extra time should be permitted in a particular case. *See Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012). Rather, the unique circumstances of each defendant seeking § 2255 relief must be taken into account. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the "principles of equity would make the rigid application of a limitation period unfair." *Id.* (quoting *Miller*, 145 F.3d at 618). The Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, -- U.S. --, 130 S. Ct. 2549, 2532-63 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Mere excusable neglect is insufficient. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).

Here, Thomas failed to show that he diligently pursued his rights and that he was beleaguered by an extraordinary circumstance. Although temporarily transferred to state custody, Thomas was in federal custody with access to legal materials for approximately nine months, including almost seven weeks leading up to the expiration of his limitations period. Thomas provides no support for a finding that he was

15

diligent, nor does he explain the necessity of the materials he claims he was deprived of. *See Robinson v. Johnson*, 313 F.3d at 143 ("deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling"). Although his transfer to state custody may have made it more difficult to file a timely § 2255 motion, increased difficulty does not, by itself, satisfy the required showing of extraordinary circumstances. *Cf. Munchinski v. Wilson*, 694 F.3d 308, 329-30 (3d Cir. 2012); *Pabon*, 654 F.3d at 399-400 (holding that "equitable tolling might be warranted when a non-English speaking petitioner could not comply with AEDPA's statute of limitations because the prison did not provide access to AEDPA-related materials, translation, or legal assistance in his or her language."); *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2000) (remanding case to district court for further factual development on extraordinary circumstances where defendant alleged that corrections officer intentionally confiscated his *pro se* habeas petition and related legal materials shortly before filing deadline). Accordingly, the District Court did not err in denying Thomas' motion for an extension of time to file a § 2255 motion.

## IV.

Lastly, we note that Thomas' COA request "comes to us following a protracted and convoluted series of motions." *United States v. Rinaldi*, 447 F.3d 192, 192 (3d Cir. 2006). As mentioned above, Thomas never filed a § 2255 motion for relief after his motion for an extension of time was denied. Rather, he filed a notice of appeal challenging the District Court's order denying extra time, and a COA application that was referred to us by the District Court. As a result, there is no order that formally grants or denies § 2255 relief. Nevertheless, as we have explained, Thomas failed to demonstrate, both before the District Court[12] and on appeal, that extraordinary circumstances justify additional time based on equity. Thus, the District Court's denial of Thomas' motion for an extension of time, and Thomas' decision not to subsequently submit a timely § 2255 motion, effectively concluded his case before the District Court.

---

[12]  *See supra* p. 3.

Thomas asks us to remand this matter so that he may file a proper motion for § 2255 relief, and so that the District Court can again rule on whether the doctrine of equitable tolling should apply. *See* Brief for Appellant at 20 ("The Court should construe Mr. Thomas' application for a Certificate of Appealability as a § 2255 petition and then remand the case so the District Court can determine whether he is entitled to equitable tolling of § 2255's one-year limitations period."). However, a perfunctory remand to afford Thomas the formality of filing a time-barred § 2255 motion would be futile because that motion would clearly be denied as untimely. *Cf. Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (granting "a COA does not require that the appeal will succeed."). As we have explained, there is no showing that equitable tolling should apply.

Accordingly, based on our review of the arguments raised in this appeal, and in both Thomas' COA application and initial motion for extra time, we will affirm the District Court's order denying his motion for an extension of time.