**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1727
_____

UNITED STATES OF AMERICA

v.

RICHARD RIVERA,
also known as RICHARD TORO,
also known as MAGOO

Richard Rivera,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:09-cr-00003-002)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: June 14, 2013)

_____

OPINION
_____

PER CURIAM

Richard Rivera is a federal prisoner whose conviction and sentence we recently affirmed. See generally United States v. Rivera, 441 F. App'x 87 (3d Cir.), cert. denied, 132 S. Ct. 791 (2011). At the beginning of 2013, Rivera filed a motion requesting "one copy each of all audio recordings and transcript[s] of audio recordings" so that he might "review the discovery and prepare his § 2255 motion" (which was not yet filed). The Government opposed the request, explaining that Rivera's trial counsel possessed discovery materials; that other information had been provided to Rivera through a separate FOIA proceeding; and that certain protective orders on the criminal docket limited the dissemination and reproduction of, inter alia, "unredacted portions of the discovery materials." The District Court denied Rivera's motion without comment, and Rivera now seeks our review of that order.

We have jurisdiction pursuant to 28 U.S.C. § 1291. United States v. Thomas, 713 F.3d 165, 173–74 (3d Cir. 2013).[1] We conclude that the District Court did not abuse its

---

[1] We pause, by necessity, to point out that Rivera's notice of appeal is dated March 6, 2013. Assuming that the notice was "filed" on that date pursuant to the prison mailbox rule, see Fed. R. App. P. 4(c)(1), fifteen days elapsed between the District Court's February 19 order and the filing of the notice of appeal. The timeliness of this appeal thus depends on whether the sixty-day civil period of Fed. R. App. P. 4(a)(1)(B) or the fourteen-day criminal period of Fed. R. App. P. 4(b)(1)(A) applies. Under the former, the notice would be timely; under the latter, it would be tardy. In Thomas, which involved an appeal from an order denying a motion to extend the time to file a 28 U.S.C. § 2255 motion where no actual § 2255 motion had been filed, we discussed the hybrid nature of

2

discretion by denying the request.  See Lloyd v. Hovensa, LLC, 369 F.3d 263, 274 (3d

Cir. 2004).  The protective orders entered by the District Court, the alternative ways by

which Rivera might obtain essentially the same material he now requests, and a lack of

clear explanation of why unredacted copies are needed all support the District Court's

ruling.   Because this appeal does not present a substantial question, we will summarily

affirm the District Court's decision.[2]  See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir.

2011) (per curiam); see also 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

these types of filings.  See Thomas, 713 F.3d at 173–74 (explaining the District Court
retains subject matter jurisdiction to rule on such motions because they are a continuation
of the criminal case); see also id. at 173 n.11 (emphasizing that appeals of § 2255
dispositions are governed by the civil rules).  However, we did not need to decide which
part of Fed. R. App. P. 4 applied because the Thomas notice of appeal, which was filed
ten days after the relevant order was entered, was timely either way.  Other cases
discussing miscellaneous criminal post-judgment motions like the one here yield no clear
direction.  Compare United States v. Davis, 532 F.2d 752, 752 (4th Cir. 1976) (per
curiam) (suggesting that a post-judgment transcript request was a criminal matter), with
United States v. Miramontez, 995 F.2d 56, 58 (5th Cir. 1993) (holding that post-
judgment, post-collateral-relief request for grand-jury transcripts was "civil in nature"
and governed by Rule 4(a)).

In any event, we will consider the merits of this appeal.  If it is a criminal matter, and
governed by non-jurisdictional Fed. R. App. P. 4(b) time limit, the Government has not
raised a timeliness objection.  See United States v. Muhammud, 701 F.3d 109, 111 (3d
Cir. 2012).  And if the appeal is civil and governed by Fed. R. App. P. 4(a), it is timely
and no certificate of appealability is required, despite the possible connection with a
forthcoming 28 U.S.C. § 2255 motion.  See Harbison v. Bell, 556 U.S. 180, 183 (2009).

[2] Our decision today does not preclude Rivera from making proper discovery requests (in
compliance with Rule 6 of the Rules Governing § 2255 Proceedings) once his § 2255
motion has been filed.