NOT PRECEDENTIAL*

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4493
_____

UNITED STATES OF AMERICA

v.

DION DAKOTA JOHNSON,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 09-cr-00064-003)
District Judge:  Honorable A. Richard Caputo
_____

Argued September 10, 2014
Before:  FISHER, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: October 22, 2014)

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Christian A. Fisanick, Esq. [Argued]
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503

Stephen R. Cerutti, II, Esq.
Michael A. Consiglio, Esq.
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse

Harrisburg, PA 17108
          *Attorneys for Plaintiff-Appellee*

Sarah S. Gannett, Esq. [Argued]
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
          *Attorneys for Defendant-Appellant*

_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Dion Johnson appeals an order denying his motion for leave to file a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction or correct his sentence. The United States District Court for the Middle District of Pennsylvania denied Johnson leave to file on the grounds that his motion was untimely and did not merit equitable tolling of the statute of limitations. Because we conclude that Johnson's claim for relief warrants additional factual development, we will vacate the District Court's order and remand the matter for further proceedings.

I

This appeal, like all appeals pertaining to § 2255 motions, has its origins in a federal criminal prosecution. In January 2009, Johnson participated in two gang-related armed robberies in the Harrisburg area. Following indictment by a grand jury, he pleaded guilty in the District Court to conspiring to commit Hobbs Act robbery, 18 U.S.C.

2

§ 1951, and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). In April 2010, the District Court sentenced Johnson to 132 months' imprisonment, to be followed by five years of supervised release. Judgment was entered against Johnson on May 4, 2010, so his deadline for appealing was May 18, 2010. *See* Fed. R. App. P. 4(b)(1)(A)(i). Because Johnson did not file a notice of appeal, his judgment became final on May 19, 2010. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

In October 2010, the District Court sent Johnson a copy of his docket sheet. The docket also reflects that Johnson requested another copy of the docket sheet in August 2011. On January 10, 2012, the Clerk of the Court of Appeals for the Third Circuit wrote Johnson a letter, apparently in response to an inquiry from Johnson's girlfriend, informing him that he never had an appeal pending in the Third Circuit. In a letter to the District Court postmarked January 24, 2012, Johnson requested permission to file a § 2255 motion, despite the expiration of the default one-year statute of limitations on May 19, 2011. *See* § 2255(f)(1) (the one-year limitations period begins when the conviction becomes final). Johnson said he had been using medication at the time of his plea and sentencing that had made him "very unaware of the critical circumstances to both [his] appeal and 2255." App. at 66. He also alleged that his lawyer, Rex Bickley, failed to file a direct appeal despite saying he would do so.

The District Court construed Johnson's submission as a motion for leave to file a § 2255 motion out of time and ordered him to submit a brief explaining why he was entitled to equitable tolling of the statute of limitations. Between April and June 2012, Johnson wrote to the District Court several more times, culminating in his submission of a pro se brief and exhibits in support of his motion for leave to file. Johnson appeared to argue that he was entitled to relief for two reasons: (1) Bickley had neglected to file an appeal despite being asked to do so, and (2) Johnson's mental condition had prevented him from discovering until recently that an appeal had not been filed and a § 2255 motion was his only recourse. In his brief, Johnson specifically alleged that he had called and written Bickley after the sentencing seeking further information about his appeal but received no response. And in support of his claim that his mental condition and use of "psychotropic medication[s]" justified an extension of time, Johnson submitted a list of the drugs he had been prescribed since being incarcerated and an excerpt from his Presentence Investigation Report (PSR) describing his history of mental illness, suicide attempts, and auditory hallucinations.[1] App. at 90.

The District Court denied Johnson leave to file out of time, holding that he failed to show: "(1) that he has been pursuing his rights diligently, and (2) that some

---

[1] According to the list submitted to the District Court, Johnson was prescribed various antidepressants and one antipsychotic medication between August 2010 and January 2012. Johnson's opening brief on appeal states that the side effects of these drugs include "confusion" and hallucinations. Johnson Br. 12–13 nn.6–10.

extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Even if Bickley's failure to file an appeal constituted an extraordinary circumstance, the Court held, Johnson did not "present any evidence that he exercised due diligence in the face of his lawyer's alleged inaction." *United States v. Johnson*, No. 1:09-CR-64, 2012 WL 4482740, at *2 (M.D. Pa. Sept. 27, 2012). The Court highlighted Johnson's failure to ask the Court of Appeals about his case until January 2012 and stated that Johnson had shown "no correspondence with his lawyer" and had made "no allegations of telephone calls by him to his lawyer." *Id.* The Court also dismissed Johnson's mental-health argument, finding "nothing in the record concerning his mental condition that suggests the needed connection between his condition due to medication and [his] inaction." *Id.* We provisionally granted Johnson a certificate of appealability.

II

A

The District Court had jurisdiction over Johnson's original criminal case pursuant to 18 U.S.C. § 3231 and, under 28 U.S.C. § 2255, had jurisdiction over his motion for leave to file a § 2255 motion. *See United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). We have jurisdiction under 28 U.S.C. § 1291, having provisionally granted a

certificate of appealability under 28 U.S.C. § 2253(c)(1)(B). Our review of a district

court's ruling on the timeliness of a § 2255 motion is plenary.[2]

B

Before we review the District Court's denial of Johnson's motion, a brief

overview of the § 2255 statute of limitations is in order. Subsection 2255(f) imposes a

one-year limitations period on motions that begins on the latest of four possible dates,

only one of which is relevant to this appeal: "the date on which the facts supporting the

claim or claims presented could have been discovered through the exercise of due

diligence." § 2255(f)(4).[3] In other words, the prisoner has one year to file from the date

on which he should have discovered the facts underlying the claims made in the § 2255

motion. *See Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000).

In addition, the § 2255 statute of limitations, like the habeas statute of limitations,

is subject to equitable tolling. *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 619 n.1

---

[2] *Thomas* noted that this Court had not previously "had the opportunity to determine the appropriate standard of review" for evaluating denials of motions for leave to file § 2255 motions, and *Thomas* did not take that opportunity. 713 F.3d at 174. We have established, however, that our review of dismissals of habeas corpus petitions as untimely is plenary. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001)). The statutes of limitations for § 2255 motions and habeas petitions are very similar, both having been imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Clay v. United States*, 537 U.S. 522, 528 (2003). It is therefore appropriate that we apply the same standard of review to timeliness-based denials of habeas petitions and § 2255 motions.

(3d Cir. 1998). As the District Court correctly noted, equitable tolling requires a § 2255 movant to show (1) that he faced "extraordinary circumstances that stood in the way of timely filing," and (2) that he exercised reasonable diligence. *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (citing *Pace*, 544 U.S. at 418). Although the due diligence requirements of both § 2255(f)(4) and equitable tolling are fundamentally objective tests, those analyses must include consideration of the prisoner's particular circumstances. *See Wims*, 225 F.3d at 190; *Pabon*, 654 F.3d at 399.

## C

In this case, the record before the District Court was insufficiently developed for proper disposition of Johnson's request for leave to file, making the Court's denial of his motion premature. In finding that Johnson had not exercised the diligence required to warrant equitable tolling, the Court focused almost exclusively on Johnson's failure to contact the Court of Appeals until January 2012. Although this troubling fact is relevant to Johnson's exercise of due diligence, the Court neglected to acknowledge other aspects of Johnson's claims that might entitle him to relief. First, the Court erroneously stated that Johnson had never alleged that he attempted to contact his attorney, Bickley. *Johnson*, 2012 WL 4482740, at *2. Johnson claimed in his brief to the District Court that he had called and written to Bickley concerning "the whereabouts of his appeal" to no

---

[3] There is no dispute that the default limitations period of § 2255(f)(1), measuring one year from "the date on which the judgment of conviction becomes final," elapsed months before Johnson sought leave to file.

7

avail. App. at 89. Second, the Court did not appear to consider the docket sheet requests of October 2010 and August 2011, which Johnson may have made in an effort to determine the status of his appeal. Third, the Court found that there was nothing in the record to demonstrate a link between Johnson's mental condition and his failure to file a timely § 2255 motion, even though Johnson had repeatedly claimed that his medication had impaired his ability to think clearly during the relevant post-conviction period, *see, e.g.*, App. at 66–67, 77, and had submitted excerpts from his PSR documenting his apparently severe mental health history, App. at 106–07. Finally, the Court missed altogether the possibility that Johnson's efforts to file a § 2255 motion were timely under the discovery rule of § 2255(f)(4), making equitable tolling potentially unnecessary.

None of this means, of course, that Johnson is entitled to file a § 2255 motion, and it certainly does not mean that such a motion would ultimately succeed. Rather, we simply hold that the District Court's denial of Johnson's motion for leave to file was based on an insufficiently developed record. Without findings of fact concerning the matters we have discussed—and any other matters that the District Court may find relevant—it was error to conclude that Johnson's motion was both untimely under § 2255(f) and undeserving of equitable tolling.

### III

In light of the foregoing, we will vacate the District Court's order and remand for further proceedings, which may include written discovery, expansion of the record, an

8

evidentiary hearing, or any other factfinding the District Court deems appropriate. *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). Upon examination of a more complete record, the Court should determine whether Johnson's request for leave to file a § 2255 motion was timely under § 2255(f)(4) or entitled to equitable tolling of the statute of limitations.