ALD-201                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3852
_____

UNITED STATES OF AMERICA

v.

ROBERT G. BARD,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-12-cr-00181-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted By the Clerk for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: April 5, 2016)
_____

OPINION*
_____

PER CURIAM

        Robert A. Bard appeals from the District Court's order denying his motion for

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

production of the District Court's handwritten sentencing notes. We will affirm.

Bard was convicted of multiple counts of various kinds of fraud for running a fraudulent investment scheme. Following those convictions, the District Court was called upon to calculate the amount of his victims' loss for purposes of sentencing. Toward that end, the District Court stated at sentencing that it had reviewed various items of evidence. The District Court then offered "to have my handwritten notes [made] part of the record to indicate that we spent additional time comparing the [victims'] names with the amounts of losses submitted by the FBI." (N.T., 7/31/14, at 9.) No one asked the District Court to make its handwritten notes part of the record, and it did not. Bard challenged the amount of loss on appeal, but we affirmed. See United States v. Bard, 625 F. App'x 57, 61 (3d Cir. 2015).

At issue here is a post-judgment motion that Bard filed with the District Court asking the District Court to produce its handwritten notes so that he could again contest the amount of loss as part of a motion under 28 U.S.C. § 2255. Bard also requested that the District Court equitably toll the § 2255 statute of limitations pending production of the notes. The District Court denied Bard's motion, and Bard appeals.

We have jurisdiction over the denial of Bard's post-judgment motion pursuant to 28 U.S.C. § 1291. See Isidor Paiewonsky Assocs. v. Sharp Props., Inc., 998 F.2d 145, 149-51 (3d Cir. 1993). We do not appear to have adopted a standard of review for a motion like Bard's, but we would affirm under any potentially applicable standard. The District Court properly denied Bard's motion on the ground that its notes are not part of

2

the record.  Bard has cited no authority suggesting that he is entitled to a copy of the District Court's notes in this situation, and we are aware of none.  Cf. United States v. Reynoso, 254 F.3d 467, 474 (3d Cir. 2001) (addressing a distinguishable situation in which "it may be helpful . . . for the court to read the relevant portions of its notes into the record" at sentencing, but specifying that "we do not suggest that counsel before us was entitled to inspect the court's personal notes").  Moreover, the time to request that the District Court make its notes part of the record and to use them to contest the amount of loss was on direct appeal, not in preparation for a § 2255 motion.  In so noting, we do not suggest that Bard's counsel should have requested the notes or that they might have assisted counsel in presenting any potentially meritorious issue on appeal.  To the contrary, although we do not decide the issue, any claim in that regard would appear to be purely speculative.

The District Court did not address Bard's additional request for equitable tolling, but there was no need to.  District Courts have the authority to grant an extension of time to file a § 2255 motion before the statute of limitations has run.  See United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013).  Bard, however, did not ask the District Court to exercise that general authority.  Instead, he requested only that the Court equitably toll the statute of limitations pending production of the it's notes.  Because it declined to produce its notes, and because we are affirming its ruling, Bard's request for equitable tolling is moot.

For these reasons, we will affirm the judgment of the District Court.

3