CLD-253                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1568
_____

UNITED STATES OF AMERICA

v.

ALONZO LAMAR JOHNSON,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 2-08-cr-00374-013)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 28, 2018
Before:  CHAGARES, GREENAWAY, Jr., and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 16, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Alonzo Johnson, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania denying as moot his request for documents and information. For the reasons that follow, we will affirm.

Johnson was convicted of a drug-related offense in District Court. We affirmed the judgment on direct appeal. Thereafter, Johnson filed a document titled "Request Info from U.S. Clerk" in District Court. Johnson sought copies of the Government's motion to dismiss an indictment of a witness in the case and the related District Court order so that he would not "take up the courts[sic] time with    rivolous[sic] filing in his 2255." Motion at 1. He described his potential claim but stated that his request was not a § 2255 motion. Johnson also requested a copy of the docket, asked how many grand jurors voted and returned the superseding indictment, and asked whether the grand jury in August 2009 was the same as the grand jury in October 2008.

The Government responded that it was mailing to Johnson copies of the docket, the motion to dismiss, and the District Court's order. The Government also stated that Johnson's co-defendant had filed similar motions for information about the grand jury and that it was sending Johnson copies of its responses and the District Court's decision. Based on these disclosures, the District Court denied Johnson's request as moot. This appeal followed.[1]

_____

[1]We have determined that we have jurisdiction pursuant to 28 U.S.C. § 1291. See United States v. Stewart, 452 F.3d 266, 272 (3d Cir. 2006); United States v. Thomas, 713 F.3d 165, 168 (3d Cir. 2013).

Johnson's request for copies of the District Court docket, the motion to dismiss, and the District Court's order is moot because the Government sent him copies of these documents. To the extent Johnson's request for information about the grand jury was not moot when the District Court issued its order because the Government did not provide him the information he sought, the District Court has since addressed Johnson's request. In addition to filing this appeal, Johnson filed a document reiterating his request for information about the grand jury and asserting that his earlier request was not moot. The District Court then denied Johnson's request for the information.[2]

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order.

---

[2]Johnson did not appeal this ruling and it is not before us. Even if we were to construe Johnson's second request for the information as a motion for reconsideration, he was required to file a new or amended notice of appeal. See Fed. R. App. P. 4(a)(4)(B)(ii). To the extent Johnson contends that the order he appealed encompasses his second request, it did not. The District Court issued a separate order addressing that filing.