**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-1150 & 20-1662
_____

UNITED STATES OF AMERICA

v.

JELANI C. SOLOMON,
                                          Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-05-cr-00385-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2020
Before:  SHWARTZ, RESTREPO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 15, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jelani C. Solomon appeals from the orders of the District Court denying (1) his motion for reconsideration of an order requiring him to return Jencks Act and other discovery materials, and (2) his "emergency motion" relating to that issue. We will affirm.

I.

Solomon is a federal prisoner serving a life sentence imposed in 2008 following his conviction of offenses relating to a cocaine-distribution conspiracy, during which he arranged the murder of a witness's father. We affirmed his convictions. See United States v. Solomon, 387 F. App'x 258 (3d Cir. 2010). Solomon later challenged his convictions in two motions under 28 U.S.C. § 2255. The District Court denied them, and we denied certificates of appealability. (C.A. Nos. 19-3221 & 13-2632.) Solomon has unsuccessfully challenged his convictions in numerous other kinds of filings as well. Solomon's repetitive challenges led the District Court to impose two filing injunctions (ECF Nos. 912 and 946), which Solomon did not appeal.

The orders at issue here concern grand jury transcripts, cooperating witness statements, and other confidential materials that the Government produced to Solomon before his trial (in part pursuant to the Jencks Act, 18 U.S.C. § 3500) and that Solomon agreed to return. Solomon has instead used these material to seek relief on the basis of alleged grand jury improprieties since at least his first § 2255 motion. Despite his repeated unsuccessful efforts, and despite the District Court's filing injunctions, Solomon

2

filed in 2019 a "motion to take judicial notice" and a "motion for clarification" in which he again challenged his convictions on the grounds (inter alia) of alleged grand jury improprieties. In support, Solomon publicly filed some of the confidential material that the Government had produced. The District Court denied those motions, and we declined to disturb its rulings. (C.A. No. 19-3246.)[1]

Solomon's filings prompted the Government to file a motion of its own for the return of the materials in question, which it asserted was necessary for the protection of cooperating witnesses. (ECF No. 990.) The District Court granted that motion (ECF No. 1003) and later denied Solomon's motion for reconsideration (ECF No. 1006). Solomon, who apparently has not complied with the return order, appeals from that ruling at C.A. No. 20-1150. At about the same time, Solomon filed with the District Court what he called an "emergency motion pursuant to return of Jencks material" (ECF No. 1007), the nature of which is discussed below. The District Court denied that motion, and Solomon appeals from that ruling at C.A. No. 20-1662. These appeals are consolidated.[2]

II.

---

[1] Specifically, we denied Solomon's request for a certificate of appealability to the extent that one was required and summarily affirmed to the extent that one was not. The District Court also sealed some of Solomon's filings, but he did not challenge that order.

[2] The District Court's jurisdiction is discussed below, but we have appellate jurisdiction over the District Court's final decisions under 28 U.S.C. § 1291.

We begin with the District Court's orders requiring Solomon to return discovery materials and declining to reconsider that ruling. The District Court did not identify the source of its jurisdiction to order the return of the materials, but it retained jurisdiction to order that relief as part of its inherent power over this criminal proceeding. Cf. United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000) ("A district court has jurisdiction to entertain a motion for return of property even after the termination of criminal proceedings[.]"); United States v. Frank, 763 F.2d 551, 552 (3d Cir. 1985) (noting that "a court has the inherent power to order evidence returned at the conclusion of criminal proceedings"); Fed. R. Crim. P. 16(d)(1) (authorizing entry of a discovery related protective order "[a]t any time").

We review the District Court's ruling for abuse of discretion. See United States v. Morales, 807 F.3d 717, 720 (5th Cir. 2015); United States v. Cordova, 806 F.3d 1085, 1090 (D.C. Cir. 2015). Solomon has not meaningfully challenged the District Court's exercise of its discretion. Instead, his sole argument on this issue is that the Government lost "Article III standing" in 2007 when it informed his counsel that one of its cooperating witnesses had lied and that, as a result, all orders entered thereafter (as well as his underlying convictions) are "void." That argument is frivolous, and the District Court otherwise acted within its discretion for the reasons that it explained.[3]

---

[3] The District Court reasoned, inter alia, that Solomon no longer has any legitimate need for these materials because his trial and direct appeal have concluded. We add that Solomon has no need of these materials for collateral challenges either. Solomon already

4

III.

We now turn to the District Court's order denying Solomon's "emergency motion." In that motion, Solomon alleged that prison personnel, at his prosecutor's request, searched his cell for the materials in question (unsuccessfully, as it turns out). He further alleged that the search violated his rights under the Fourth Amendment and the Eighth Amendment, and he asked the District Court to (1) put the Bureau of Prisons and his prison staff "on notice" that they should not search his cell without a court order, and (2) order the disclosure of emails between his prosecutor and his prison. The District Court denied Solomon's motion on the merits.

As above, the District Court did not identify the source of its jurisdiction over this motion. The District Court had subject-matter jurisdiction over Solomon's constitutional claims because his underlying prosecution satisfies the Article III "case or controversy" requirement. See United States v. Thomas, 713 F.3d 165, 169, 174 (3d Cir. 2013). The injuries of which Solomon complains, however, are not properly remedied in the context of his criminal case. Solomon challenges his treatment as a prisoner, not as a criminal defendant, and claims such as his are more appropriately asserted in a civil action addressed to his treatment in and the conditions of his confinement. Cf. United States v. Norwood, 602 F.3d 830, 836-37 (7th Cir. 2010) (noting that "a motion in a criminal case

_____

has unsuccessfully challenged his convictions under § 2255 on the basis of information contained in these materials, and he cannot file another § 2255 motion on the basis of information previously known to him. See 28 U.S.C. §§ 2244(b)(2)(B) & 2255(h)(1).

is not a proper method of commencing a civil suit," which requires a filing fee and the naming and service of proper defendants). Thus, we will affirm the denial of Solomon's emergency motion on the ground that Solomon should have asserted his claims in an appropriate civil action. We note, however, that any such civil action would have been frivolous.[4]

## IV.

For these reasons, we will affirm the orders of the District Court. Solomon's motion to "add plain error and fraud upon court claims" is denied.

---

[4] Solomon alleged in his one-page motion that a single search of his cell for the materials in question violated his Fourth and Eighth Amendment rights. But Solomon, as a convicted prisoner, did not have any Fourth Amendment expectation of privacy in his cell. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984); Parkell v. Danberg, 833 F.3d 313, 325 (3d Cir. 2016); see also Willis v. Artuz, 301 F.3d 65, 67 (2d Cir. 2002) (applying Hudson to "searches instigated by prosecutors"). Nor did Solomon allege anything about this single search even arguably approaching an Eighth Amendment violation. Cf. Scher v. Engelke, 943 F.2d 921, 924 (8th Cir. 1991) (holding that 10 retaliatory searches in 19 days, some of which resulted in "violent dishevelment," could constitute an Eighth Amendment injury). We recognize that, if Solomon had asserted these claims in a civil action, he might have been entitled to leave to amend before any dismissal on these grounds. Solomon, however, neither argues that the District Court erred in that regard nor asserts anything suggesting that he could state a nonfrivolous claim if given another chance. To the contrary, Solomon's only new contention on appeal is that the search was illegal because it was based on the return order, which he further contends is "void" in light of the Government's alleged lack of Article III standing as discussed above. Once again, that argument is itself frivolous.